CHARLES HAWKINS v. MARTIN McINTYRE.

*Partnership.    Assumpsit.*

The defendant took a job of finishing a church at a certain price. Afterwards, the plaintiff and defendant agreed to go on together and do the job, each working himself, and the work of each to offset that of the other, the expense of materials, and of other help, to be deducted from the contract price, and the balance divided equally between them. They went on and did the job accordingly, and the plaintiff worked thereon thirty days more than the defendant.

*Held*, that the parties were not partners as between themselves.

*Held*, also, that assumpsit would lie to recover what the defendant had received on the job more than his share, and that the plaintiff was entitled to have his extra work reckoned, in determining how much he was entitled to receive according to the agreement.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by the court, December term, 1872, BARRETT, J., presiding.

The defendant contracted to finish off a church in Chester, in the season of 1870, for $4,500. Having thus contracted, the defendant agreed with the plaintiff that they would go on together and do the job, each working himself, the work of each to offset that of the other, and the expense of materials, and other work,

to be deducted from the price of the job, and the balance divided equally between them. They went on and did the job accordingly, and most of the $4,500 was paid to the defendant by the other party to the original contract, the remainder having been trusteed in this suit. Upon adjusting the matter between the parties, the court found the plaintiff entitled to $665.30 of the money thus paid to the defendant. The plaintiff objected that assumpsit could not be maintained for the recovery thereof, but that account was the proper remedy. The court, *pro forma*, overruled the objection, and rendered judgment for the plaintiff for the amount aforesaid; to which the defendant excepted. As bearing upon this question, these further facts are stated. The plaintiff and defendant each made up an account of the expense of doing said job, and the defendant's account amounted to $300 more than the plaintiff's. The court found that the defendant's account embraced items for articles and work of hands used and employed by the defendant on other jobs which he was doing in Chester during the same period on his private account. The plaintiff, in ascertaining what he was entitled to have, charged the defendant with lumber used for stagings, and the like, at the price paid therefor. The defendant claimed that he did not have said lumber, but that it had been divided between him and the plaintiff; and that at any rate, it had been damaged by using, and was worth much less than the price paid therefor. The court found that the defendant had some, but not all, of said lumber, and that what he did have was worth considerably less than the price paid for the same. The plaintiff worked thirty days on said job more than the defendant, and the court allowed the plaintiff therefor in finding the sum due him. Extra work to the amount of $50.50 was done on said church, above the $4,500, which the plaintiff claimed should be added to that sum in finding the balance to be divided between them. But the court found that said sum for extra work had not been paid to the defendant, and that the party contracting with him to finish the church denied his liability therefor, and refused to pay it, and the same was excluded in finding what the plaintiff was entitled to as aforesaid. The defendant claimed to be allowed $22.50 for interest discounted on

the last installment of said $4,500 for being paid three months before due. The plaintiff claimed that the discount was made without his knowledge or consent, and that there was no reason for making it, and objected to its allowance; but the court adjusted it in their finding aforesaid.

*Geo. L. Fletcher*, for the defendant.

The case shows that the plaintiff and defendant were partners in the transaction. 3 Kent Com. 24 ; Story Part. 37 *et seq.; Brigham* v. *Dana*, 29 Vt. 1.

Account is the only action that one partner can sustain against his co-partner to adjust their partnership accounts. *Adm'r of Cilley's Est.* v. *Tenney*, 31 Vt. 401 ; *Bishop* v. *Baldwin*, 14 Vt. 145, ; Chit. Cont. 236 ; *Collamer* v. *Foster*, 26 Vt. 754, 757 ; Collyer Part. § 264 ; *Estes* v. *Whipple et al.* 12 Vt. 373 ; *Casey* v. *Bush*, 2 Caines, 293 ; 1 Chit. Pl. 26 ; 1 Swift Dig. 352 ; *Hayden* v. *Merrill*, 44 Vt. 336.

To maintain this action, the plaintiff must show that the joint accounts, involving the labor of hired help, materials used in doing the job, lumber and materials used and taken from the job by each party, lumber and materials purchased for the job and on hand, had been previously settled, and a balance found remaining to be equally divided. *Murry* v. *Bogert et al.* 14 Johns. 318 ; *Casey* v. *Bush, supra ; Westerlo* v. *Evertson*, 1 Wend. 688 ; *Wetmore et al.* v. *Baker et al.* 9 Johns. 307.

*L. Adams* and *Hugh Henry*, for the plaintiff.

The plaintiff and defendant were not partners as between themselves. *Hilliker* v. *Loop*, 5 Vt. 116 ; *Ambler* v. *Bradley*, 6 Vt. 119 ; *Bowman et als.* v. *Bailey*, 10 Vt. 170 ; *Hall et al.* v. *Peck*, Ib. 474 ; *Kellogg* v. *Griswold*, 12 Vt. 291 ; *Felton* v. *Deall*, 22 Vt. 170 ; *Tobias* v. *Blin*, 21 Vt. 544 ; *Stearns* v. *Haven et als.* 16 Vt. 87 ; *Mattocks* v *Lyman et al.* Ib. 113 ; *Mason* v. *Potter*, 26 Vt. 722 ; *Duryea* v. *Whitcomb*, 31 Vt. 395 ; *Bruce* v. *Hastings*, 41 Vt. 380 ; *Dewey* v. *Cabot*, 6 Met. 92 ; *Holmes* v. *Railroad*, 5 Gray, 58 ; *Loomis* v. *Marshall*, 12 Conn. 69 ; 4 Esp. 182 ; *Mowrey* v. *Whitney*, 10 Johns. 226 ; *Lowry* v. *Brooks*, 2 McCord,

421 ; *Harding* v. *Foxcroft*, 6 Greenl. 76 ; *Cutler* v. *Miner*, 6 Pick. 335; *Rice* v. *Austin*, 17 Mass. 206 ; Collyer Part. 13, 14, and notes.

Assumpsit is the proper remedy in this case, for the terms of the contract are completed, and money has become due.  *Way* v. *Wakefield*, 7 Vt. 223, 228.  And assumpsit and account are in a great variety of cases concurrent remedies.  *Hall et al.* v. *Peck*, and *Tobias* v. *Blin*, *supra*.

In Massachusetts assumpsit may be maintained for balance of account after dissolution, on an implied promise, without the balance being struck.  *Fanning* v. *Chadwick*, 3 Pick. 420 ; *Bond* v. *Hayes*, 12 Mass. 34 ; *Wilby* v. *Phinney*, 15 Mass. 116.

The opinion of the court was delivered by

WHEELER, J.  The parties were not fonnd to be partners by the county court, nor do the facts found and stated show them to have been such as between themselves   The arrangement shown was for performance of labor by the plaintiff for the defendant upon the church, and for ascertaining how much the plaintiff was to have for the labor.   The adjustment of items by the court was necessary only for the purpose of arriving at the amount of the compensation, and could properly be done in the action of assumpsit.   The agreement seems to have been that the parties were to work against each other day by day, and this would imply that if one worked when the other did not, the one that worked should be allowed for it.   The plaintiff having so worked, was entitled to have that work reckoned in determining how much there would be to go to him according to the agreement.   No question seems to have been made about other items of allowance.

Judgment affirmed.